## H. A. DUMESNIL ET AL. v. CITY OF LOUISVILLE.

### [Kentucky Law Reporter, Vol. 4—14.]

**Enforcement of Payment of Taxes.**

The notice of taxes and assessments which the board of commissioners are required to give by § 2 of the act of February 17, 1866 [Sess. Acts (1866) 73, § 2], is an essential prerequisite to the enforcement of the payment of taxes and before there can be recovery it must be alleged and proved that such notice was published in the manner required by said section.

**Notice by Assessor of Enforcement of Taxes.**

The assessor is not authorized to publish a notice of the enforcement of the payment of taxes under the provisions of § 2 of act of February 17, 1866. Such notice must be caused to be published by the board of commissioners.

**Power of Assessor.**

There is no authority given the assessor to hear or determine applications of aggrieved taxpayers for the correction of errors made by himself. This duty devolves upon the board of commissioners.

## APPEALS FROM LOUISVILLE CHANCERY COURT.

### June 17, 1882.

OPINION BY JUDGE HARGIS:

These three cases involve the same questions and will be heard together. Many of the points argued were conclusively settled in the former opinions herein, and will not, therefore, be touched upon again. See *Dumesnil v. City of Louisville*, p. 180, this volume.

It was held in *Ormsby v. City of Louisville*, Mss. Opin., December 14, 1880, that the notice which the board of commissioners of taxes and assessments were required to give by § 2 of the Act of February 17, 1866 [Sess. Acts. (1866) 731, § 2], was an essential prerequisite to the enforcement of the payment of taxes, and that it was necessary to allege and prove that such notice was published in the manner required by said section. While we are satisfied that the form of the notice published in the Courier Journal and Anzieger, over the signature of the assessor, was sufficient, and that it was published the requisite number of days, still we are met upon these appeals with another question not presented in

any of the former appeals, which is fatal to the judgment in each of these cases. By said section it is provided, that "said board of commissioners of taxes and assessments" shall cause the notice required by it to be given in the manner therein specified.

It appears from the record that the board neither gave nor authorized any one else to give the notice, but that J. A. Krack, the assessor, believing that he had the authority under said act to give the notice, caused it to be published the requisite number of days over his signature, and the question is whether this was such a notice as the statute requires. It takes three members to constitute the board, and it seems to be beyond question that an act required to be done by the board can not be done by any one else, and that the notice given and caused to be published by the assessor was not a compliance with this plain provision of the statute any more than if any other person without authority had given it. It is a well settled rule that where any person or body of persons acting by a majority, is designated and required to give, or cause to be given, notice upon which depends the legal rights and duties of others, that no other person can officiously perform the duty so as to render the notice valid. Were the rule otherwise confusion and uncertainty would be the consequence.

Cooley on Taxation (1876) 218, says, that every notice which the statute provides for a review of the assessment, "whether by publication or otherwise, must be given with scrupulous observance of all its requisites." And it seems, from authority, that this character of notice should always be given or caused to be given by those authorized to do so by the statute and none others. One of the greatest essentials of such notice, if there be a distinction, consists in the fact that it emanates from authority which alone can vest it with legal vitality and effect.

It is not necessary to decide the other important question, which is presented by these records, as the one we have disposed of settles this litigation. But we think it proper to say that we see no authority conferred upon the assessor, after the assessment rolls are completed and returned by him, to hear or determine applications of aggrieved taxpayers for the correction of errors made by himself. This is the duty of the board, which is given 30 days for its performance, and in the discharge thereof reasonable opportunities should be afforded the citizen to make his application to the board.

Wherefore each of the judgments is *reversed* and the causes are remanded with directions to dismiss them.

. R. W. Woolley, Geo. DuRelle, for appellants.

H. M. Lain, T. L. Burnett, for appellee.

[Cited, Slaughter v. City of Louisville, 89 Ky. 112, 12 Ky. L. 61, 8 S. W. 917; Harris v. Zable, 5 Ky. 114; City of Louisville v. Louisville Gas Co., 15 Ky. L. 177, 22 S. W. 550; Fenley v. City of Louisville, 27 Ky. L. 204.